CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
JUN 02 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL BRANDON SHULER, | ) | |
| Petitioner, | ) | Case No. 7:03CV00446 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| UNITED STATES, | ) | By: James P. Jones |
| Respondent. | ) | Chief United States District Judge |

Petitioner Michael Brandon Shuler, a federal inmate proceeding pro se, brings this Motion for a Certificate of Appealability, pursuant to 28 U.S.C.A. § 2253(c)(1)(B) (West Supp. 2005). Shuler seeks to appeal this court's opinion and order, dated March 11, 2005, denying Shuler's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). In his present motion, Shuler claims that he was mislead into believing that a collateral attack waiver was not enforceable and did not serve to prohibit claims of ineffective assistance of counsel. After a careful review of the motion, the court is of the opinion that it must be denied.

In the present motion, Shuler raises, for the first time, the argument that his collateral attack waiver was not knowing and voluntary. In an affidavit, Shuler's former attorney states that he advised Shuler that "the waiver, in [counsel's] opinion, may not be enforceable so as to prevent a claim of ineffective assistance of counsel." (Aff. Daniel K. Read 7.) At the time of this advice, there was some question as to the scope of collateral attack waivers. However, the Fourth Circuit clarified its position on this subject after this court dismissed Shuler's petition. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. Apr. 11, 2005) (holding that ineffective assistance of counsel claims are barred by a valid collateral attack waiver). Counsel's advise was not inaccurate at the time it was given. There was some question as to the scope of collateral attack waivers which has since been clarified. Shuler has not shown that he did not knowingly and voluntarily waive his

right to collaterally attack his sentence and conviction.

The remainder of Shuler's claims are barred by his collateral attack waiver. Shuler's jurisdictional arguments do not merit discussion. Therefore, the court must deny the petitioner's motion for a certificate of appealability.

An appropriate order will be entered herewith.

DATED: June 2, 2005

/s/ James P. Jones
Chief United States District Judge

2